CORY J. HILTON, ESQ.
Nevada Bar No. 004290
**LAW OFFICES OF CORY J. HILTON**
5545 S. Mountain Vista St. Ste. F
Las Vegas, NV 89120
Tel: (702) 384-8000
Fax: (702) 384-8200

E. BREEN ARNTZ, ESQ.
Nevada Bar No. 003853
**E. BREEN ARNTZ, CHTD.**
5545 S. Mountain Vista St. Ste. E
Las Vegas, Nevada 89120
Tel: (702) 384-4000
Fax: (702) 446-8164

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*\*\*\*\*\*\*\*

HEATHER MILLS, individually,

    Plaintiff,

vs.

WAL-MART STORES, INC., DOES I through X, and ROE CORPORATIONS XI through XX, inclusive,

    Defendant.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff HEATHER MILLS, by and through her attorney of record, CORY J. HILTON, ESQ., of the LAW OFFICES OF CORY J. HILTON, and hereby complains and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1. That all times mentioned herein, Plaintiff HEATHER MILLS was and is a resident of the State of Nevada, County of Clark.

2. That all times relevant hereto, Defendant WAL-MART STORES, INC. is a Foreign Corporation, incorporated in the State of Delaware, whom was registered, licensed and doing business in

1

the state of Nevada, County of Clark at the time of the incident herein alleged.

3. Plaintiff brings her complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4. That the identities of the Defendants, DOES I through X and ROES XI through XX, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE or ROE are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

5. That the Defendants owed a duty to the Plaintiff to keep the premises safe, free, and clear of certain hazards, that the Defendants breached that duty, and that their actions described as negligence or otherwise, led to the injuries suffered by Plaintiff, which will be more fully described herein.

6. That all the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada, County of Clark.

## II.

## FIRST CAUSE OF ACTION

*(NEGLIGENCE)*

7. Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 6 as though fully set forth herein.

8. On or about April 4, 2015, on the premises of Defendant WALMART STORES INC., located at 540 Marks St, Henderson, Nevada 89014, Plaintiff HEATHER MILLS slipped and fell in an unmarked puddle of water, and thereby received serious injury as a result of Defendants' negligence.

9. As a direct and proximate result of Defendants' negligence, Plaintiff HEATHER MILLS suffered serious and permanent injuries.

10. As a further direct and proximate result of the April 4, 2015 incident described herein, the Plaintiff HEATHER MILLS has and will in the future suffer serious and disabling injuries in and about the head, neck, body, limbs, organs and systems, both physical and mental in nature, all contributing to Plaintiff HEATHER MILLS's damages.

11. As a further direct and proximate result of all the foregoing, Plaintiff HEATHER MILLS

has and will in the future be caused to expend sums of money for medical care and expenses incidental thereto, and the total amount of which cannot at this time be determined, inasmuch as the same is yet accruing.

12. As a further direct and proximate result, Plaintiff HEATHER MILLS incurred substantial expenses for medical care and treatment.

13. As a further direct and proximate result, Plaintiff HEATHER MILLS has and will continue to suffer severe emotional distress, including, but not limited to, intense physical and mental pain, loss of sleep and economic loss.

14. Plaintiff has been required to retain the services of legal counsel to pursue this action on her behalf and should be reimbursed for attorney fees that have been incurred and necessitated by reason of this action.

### III.

### SECOND CAUSE OF ACTION

*(NEGLIGENCE PER SE)*

15. Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

16. That Defendant WALMART STORES, INC. maintained its premises in violation of Nevada Statutes causing and contributing to the accident and injuries complained of in Plaintiff's First Cause of Action.

17. That Plaintiff is among the class of persons the Nevada Statutes are designed to protect, and that the interest of those statutes are designed to protect the safety of the public.

18. The negligence of the Defendant in maintaining its premises in an unsafe manner, thereby injuring Plaintiff, was the direct and proximate cause of Plaintiff's damages as herein alleged.

19. That at the time of the incident described herein, the Defendant was in violation of known safety rules and statutes when it negligently, carelessly, and recklessly failed to properly maintain their premises.

20. That injuries so sustained by the Plaintiff resulted directly and proximately from the negligent, careless, and reckless maintenance of Defendant's property, operated and maintained by the

Defendant in violation of Nevada statues and not from any negligence of/on any of Plaintiffs' part.

21. That it has been necessary for the Plaintiff to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs of this action.

IV.

### THIRD CAUSE OF ACTION

*(PREMISES LIABILITY)*

22. Plaintiff repeats, re-alleges, and incorporates by reference the allegations of Paragraph 1 through 21 as though fully set forth herein.

23. That Defendant owned, operated, controlled, and maintained the property herein identified, located at 540 Marks St, Henderson, Nevada 89014, commonly known as Henderson Walmart Supercenter.

24. That on or about the date herein alleged, Plaintiff was lawfully on Defendant's property.

25. That while on the premises owned and maintained by Defendant, Plaintiff was injured due to a dangerous condition for which Defendant had constructive or actual notice, and which danger was one that could have been discovered upon reasonable inspection by Defendant.

26. That Defendant had a duty to supervise and maintain said property in a reasonably safe and suitable condition for guests, invitees, and patrons; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around the premises.

27. That Defendant WALMART STORES, INC. negligently failed to manage, maintain, inspect, control, and supervise the premises thereby causing and/or allowing a dangerous condition to exist, which was not open and obvious to the Plaintiff, thereby causing the Plaintiff to fall, and thereby sustain serious injuries.

28. Defendant created, knew or should have known that an unsafe condition existed and should have taken precautions to warn and/or prevent the Plaintiff from encountering said unsafe conditions or otherwise corrected the hazard.

29. As a result of the Defendant's negligent and careless conduct to maintain its premises, including but not limited to warning the Plaintiff of the unsafe condition, Plaintiff slipped and fell, thereby suffering serious injuries.

30. Defendant failed to warn the Plaintiff and/or provide any warnings to the Plaintiff of the dangerous condition created and/or allowed to exist by the Defendant.

31. That the Plaintiff's injuries were directly and proximately caused by the negligent and careless conduct of the Defendants by creating and/or allowing the dangerous condition to exist on its premises.

## V.

## FOURTH CAUSE OF ACTION

*(NEGLIGENT HIRING, SUPERVISON, AND FAILURE TO WARN)*

32. Plaintiff repeats, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 31 as though fully set forth herein.

33. That, while on said premises, the Defendant had a duty to supervise and maintain its premises in a reasonably safe and suitable condition for its patrons, guests, and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around said premises. Upon information and belief, Defendants employed personnel, being employees and/or independent contractors carrying out employee functions, for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition.

34. That the Defendant failed to warn of a known dangerous condition, or failed to exercise reasonable diligence under the circumstances which could have otherwise prevented Plaintiff's damages, and further failed to hire and/or adequately train suitable and fit employees and/or independent contractors to maintain said property in a safe and suitable manner, which has directly and proximately resulted in Plaintiff's alleged damages.

**WHEREFORE**, Plaintiff HEATHER MILLS, expressly reserves her right to amend this Complaint at the time of the trial of the action herein to include all items of damages not yet ascertained, and demands judgment against Defendants, individually, jointly and severally in an amount in excess of $75,000 plus costs, disbursements, reasonable attorney's fees, interest, and that other relief the Court should deems just and equitable.

///

Plaintiff HEATHER MILLS further demands a jury trial as to all claims set forth herein.

DATED this 15th day of January, 2016.

                        **LAW OFFICES OF CORY J. HILTON**

                        By: _____

                        CORY J. HILTON, ESQ.
                        Nevada Bar No. 4290
                        5545 S. Mountain Vista St., Ste F
                        Las Vegas, Nevada 89120

                        E. BREEN ARNTZ, ESQ.
                        Nevada Bar No. 003853
                        5545 S. Mountain Vista St. Ste. E
                        Las Vegas, Nevada 89120

                        *Attorneys for Plaintiff*