1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   HEATHER MILLS,                                )          Case No. 2:16-cv-00097-KJD-CWH
                                                  )
5              Plaintiff,                         )
                                                  )
6         v.                                      )
                                                  )
7   WAL-MART STORES, INC.,                        )          **ORDER**
                                                  )
8              Defendant.                         )
                                                  )
9   _____         )

10        Presently before the Court is Defendant Wal-Mart Stores' application for attorney fees (ECF

11   No. 31), filed on October 12, 2016.  Plaintiff Heather Mills filed a response (ECF No. 33) on

12   October 26, 2016, and Defendant filed a reply (ECF No. 34) on November 7, 2016.

13   **I.       Introduction**

14        Defendant moves the Court to award attorney fees pursuant to its finding at the hearing (ECF

15   No. 28) held on August 30, 2016.  At the hearing, the Court granted Defendant's motion for

16   protective order (ECF No. 21), and denied Plaintiff's motion to extend discovery (ECF No. 22).  The

17   Court further ordered Plaintiff to pay Defendant's attorney fees for the preparation of the motion for

18   protective order, as well as the response (ECF No.25) to Plaintiff's motion to extend discovery.  The

19   parties were instructed to meet and confer to determine the amount of attorney fees.  The parties

20   were unable to agree on an appropriate amount, and so Defendant now brings this application.

21   **II.      Analysis**

22        Pursuant to the Court's order on August 30, 2016, Defendant is entitled to an award of

23   attorney fees for work performed in drafting its motion for a protective order, its response to

24   Plaintiff's motion to extend discovery, and for preparation for the hearing itself.  Plaintiff makes no

25   objection to this finding.  Defendant's motion for attorney fees includes declarations from both

26   attorneys who worked on the original motions as to their time spent on these matters and their billing

27   rate.  Attorney Pooja Kumar claimed 46.2 hours at a rate of $215 per hour.  Mot. Ex. 1.  Attorney

28                                                1

1  Brenda Entzminger claimed 27.2 hours at a rate of $225 per hour.  Mot. Ex. 2.  These calculations

2  include time spent drafting the instant application for attorney fees, briefing for the two original

3  motions, and preparation for the hearing.  Mot. pp. 9-17.  In total, Defendant requests $16,053 in

4  attorney fees for work already done, and provides an estimate for further hours that may be necessary

5  to draft a reply or attend a hearing.

6        Plaintiff objects to Defendant's application for attorney fees on various grounds.  First,

7  Plaintiff objects that Defendant did not certify its attempts to meet and confer, as defined by Local

8  Rule IA 1-3(f).  Contrary to Plaintiff's assertion, Defendant describes meet and confer efforts that

9  include the date, method of communication, and substance of the remaining dispute after the

10  conference.  Mot. Ex. 2, ¶ 8.  Plaintiff's own briefing corroborates Defendant's assertions.  Resp.

11  p. 10.  The Court finds that the meet and confer certification is adequate.

12        Second, Plaintiff argues that Defendant's motion for attorney fees is untimely under Local

13  Rule 54-14(a).  However, as Defendant points out, Plaintiff's quotations from the Local Rules are

14  inaccurate and misleading.  A motion for attorney's fees may be filed "within 14 days after entry of

15  the final judgment or other order disposing of the action."  LR 54-14(a).  There is no final judgment

16  in this case, so the motion is not untimely.

17        Third, Plaintiff argues that Defendant did not provide a proper attorney affidavit as required

18  by Local Rule 54-14(c).  A motion for attorney fees must be "accompanied by an affidavit from the

19  attorney responsible for the billings in the case authenticating the information contained in the

20  motion and confirming that the bill was reviewed and edited and that the fees and costs charged are

21  reasonable."  Local Rule 54-14(c).  Defendant provided declarations from attorneys Pooja Kumar

22  and Brenda Entzminger which certified they were responsible for the billings and that they were

23  authentic.  However, the declarations did not explicitly certify that the billings were reviewed and

24  edited, or that the fees and costs charged are reasonable.  Instead, Defendant argues at length in its

25  motion that it compiled an accurate representation of the work counsel did on the two original

26  motions, and that the amount of work billed is reasonable.  The Court therefore finds that

27  Defendant's motion substantially satisfies the requirements of LR 54-14(c).

28                                    2

1    Fourth, Plaintiff objects to the computation of hours worked because Defendant claimed

2  differing amounts in its initial correspondence and in the instant motion.  Defendant concedes this

3  point, but argues that its initial correspondence during the meet and confer process represented a

4  rough estimate and that the hours claimed in the instant motion are accurate.  The Court finds no

5  meaningful inference can be drawn from the discrepancy between the initial computation and the

6  final claims made in Defendant's motion.

7    Finally, Plaintiff objects as to the reasonableness of Defendant's attorney fees.  To determine

8  reasonable attorney fees, the Court multiplies the number of hours reasonably expended by a

9  reasonable hourly rate.  *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008),

10  *overruled on other grounds by Arizona v. ASARCO, LLC*, 773 F.3d 1050 (9th Cir. 2014).  The

11  resulting figure is referred to as the "lodestar," and this amount is a presumptively reasonable fee.

12  *Id.*  Although presumptively reasonable, the Court may adjust the lodestar "to account for factors not

13  already subsumed within the initial lodestar calculation."  *Id.*  Those factors include:

14      (1) the time and labor required, (2) the novelty and difficulty of the questions
        involved, (3) the skill requisite to perform the legal service properly, (4) the
15      preclusion of other employment by the attorney due to acceptance of the case, (5) the
        customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed
16      by the client or the circumstances, (8) the amount involved and the results obtained,
        (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of
17      the case, (11) the nature and length of the professional relationship with the client,
        and (12) awards in similar cases.

18

19  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (citing *Kerr v. Screen Guild*

20  *Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).  Trial courts have broad discretion in determining the

21  reasonableness of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

22    **1**.    **Reasonable Hourly Rate**

23    The Court determines a reasonable hourly rate by reference to the "prevailing market rates in

24  the relevant community" for an attorney of similar experience, skill, and reputation.  *Gonzalez v. City*

25  *of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted).  The relevant community

26  generally is "the forum in which the district court sits."  *Prison Legal News v. Schwarzenegger*, 608

27  F.3d 446, 454 (9th Cir. 2010) (quotation omitted).  In determining a reasonable hourly rate, the Court

28                                                    3

1 | may consider "the fees awarded by other judges in the same locality in similar cases." *Moreno v.*

2 | *City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *see also United Steelworkers of Am. v.*

3 | *Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The party seeking fees bears the burden of

4 | producing satisfactory evidence to justify the requested rate. *Gonzalez*, 729 F.3d at 1206.

5 | Here, Defendant requests hourly rates of $215 and $225 per hour.  Defendant submits a

6 | declaration by attorneys Pooja Kumar and Brenda Entzminger, as well as billing records, in support

7 | of this request.  Plaintiff raises no objection to this rate, and the Court finds it to be reasonable for

8 | this forum.

9 | **2.     Reasonable Hours Expended**

10 | A reasonable number of hours expended means the number of hours an attorney reasonably

11 | could have billed to a private client. *Gonzalez*, 729 F.3d at 1202.  If the Court determines some

12 | requested fees should be excluded as unreasonable, the Court may exclude billed entries pursuant to

13 | an hour-by-hour analysis. *Id.* at 1203.  The court may exclude hours that are not reasonable due to

14 | overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Hensley v.*

15 | *Eckerhart*, 461 U.S. 424, 434 (1983).  The prevailing party bears the burden of submitting billing

16 | records to establish that the hours requested are reasonable. *Gonzalez*, 729 F.3d at 1202.

17 | Here, Defendant requests $16,053 in attorney fees for 73.4 hours of work already done.  Of

18 | these hours, 45.6 are by Ms. Kumar for work done on the two original motions and the hearing, plus

19 | another .6 hours for work on the instant motion.  Another 18 hours are for Ms. Entzminger's work on

20 | the original motions and hearing, plus 9.2 hours for work on the instant motion.  Defendant also

21 | provides an estimate for further hours that may be necessary to draft a reply to the instant motion or

22 | attend a hearing.  Defendant does not provide any certification of hours worked on its reply brief and

23 | the Court will not consider the estimated hours at this time.

24 | Plaintiff argues that the hours claimed are excessive and therefore unreasonable, given the

25 | nature of the case and the familiarity of Defendant's counsel with the relevant areas of law.  Of the

26 | hours claimed by Defendant, 63.6 were for work drafting the original motions and then preparing for

27 | the hearing.  Defendant argues that the motions involved novel discovery topics that its counsel had

28 |

4

1   not encountered before, despite experience in similar cases.  Defendant also argues that Plaintiff's

2   aggressive approach to litigation required it to invest significant time and effort defending itself.

3          While Plaintiff is correct that Defendant's counsel has significant experience litigating in this

4   area of law, Plaintiff does not rebut Defendant's claims that the discovery requests in question were

5   novel to Defense counsel and that research on these requests took significant time and effort.

6   Further, although Plaintiff argues the time spent drafting these motions was excessive, she does not

7   provide any argument as to what amount would be reasonable.  Defendant points out that courts in

8   this Circuit have found that "spending approximately one hour a page, even for routine arguments, is

9   not unreasonable."  Thompson v. Astrue, No. 2:11-CV-0429 EFB, 2012 WL 5949218, at *1 (E.D.

10  Cal. Nov. 28, 2012).  Defendant's briefings on the two motions totaled 54 pages, and there is

11  evidence that the matters were not routine.  Absent more substantial evidence that the time spent was

12  excessive, the Court cannot find that 63.6 hours for drafting the briefings and preparing for the

13  hearing is beyond reason.  A different attorney might have made a reasonable choice to spend less

14  time preparing for these motions, but reasonable efforts will vary from person to person.  Defendant

15  is not required to work as efficiently as possible in order to be reasonable.

16         Finally, Plaintiff does not argue that the hours claimed by Defendant for the time spent on the

17  instant motion was unreasonable.  The Court will therefore grant the application of attorney fees for

18  9.8 hours spent drafting the application for attorney fees.

19         **III.    Conclusion**

20         The Court will grant Defendant's request for attorney fees for 63.6 hours spent drafting the

21  original motions and preparing for the hearing.  This is to include 45.6 hours at $215 per hour for the

22  work of attorney Pooja Kumar, as well as 18 hours at $225 per hour for the work of attorney Brenda

23  Entzminger.  The Court will also grant Defendant's request for attorney fees for 9.8 hours spent

24  drafting the instant motion.  This is to include .6 hours at $215 per hour for the work of attorney

25  Pooja Kumar, as well as 9.2 hours at $225 per hour for the work of attorney Brenda Entzminger.

26  //

27  //

28                                                5

1

IT IS THEREFORE ORDERED that Defendant's application for attorney fees (ECF No. 31)

2

is GRANTED.  Plaintiff shall pay Defendant the total sum of $16,053 at the close of this case.

3

DATED: March 31, 2017.

4

5

_____

6

C.W. Hoffman, Jr.
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28