1

2

3

4

5

6

7            **UNITED STATES DISTRICT COURT**

8            **DISTRICT OF NEVADA**

9

10   HEATHER MILLS,

11          Plaintiff,                          Case No. 2:16-CV-00097-KJD-CWH

12   v.                                         **ORDER**

13   WAL-MART STORES, INC,

14          Defendant.

15

16

17          Presently before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary

18   Judgment (#30). Plaintiff Heather Mills filed a response in opposition (#32) to which Defendant

19   replied (#35).

20   I. Facts

21          Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is the owner of a Wal-Mart store located in

22   Las Vegas, Nevada. One of Wal-Mart's high traffic entrances formed an aisle with merchandise on

23   either side. One side contained flowers in water, with an absorbent mat on the floor. The display also

24   had bags for holding flowers. On August 14, 2009, Plaintiff Heather Mills was walking past this area

25   when she allegedly slipped and fell in a puddle of water covering ninety percent (90%) of the aisle.

26   Plaintiff's Exhibit 8; see also Plaintiff's Exhibit 10. As a result of her fall Mills sustained injuries.

Surveillance video and employee testimony establishes that a Wal-Mart employee passed the area 23 minutes prior to the fall with a dust mop, and that five minutes before the fall a different Wal-Mart employee passed the area while leaving the store after the conclusion of his shift. Both employees assert there was no water on the floor at the times they passed by the area. Plaintiff has not identified any other Wal-Mart employees aware of the conditions on the floor at, or immediately preceding, the time of Mills' fall. Mills asserts that her fall and the resulting injuries were caused by the negligence of Wal-Mart. Mills filed her complaint against Wal-Mart. Defendant now moves for summary judgment, asserting that there are not genuine issues of material fact and that based on the available facts, even in the light most favorable to Mills, Plaintiff cannot meet her burden.

II. Summary Judgment Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the nonmoving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th

Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

In Nevada, "to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). The defendant's duty is "a question of law to be determined solely by the courts." Turner v. Mandalay Sports Entertainment, LLC, 180 P.3d 1172, 1177 (Nev. 2008). Breach and proximate cause are generally questions of fact for the jury. Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012); Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001).

Expounding on the legal duties of businesses to protect customers from slips and falls, the Nevada Supreme Court stated the following:

> [A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use. Where a foreign substance on the floor causes a patron to slip and fall, and the business owner or one of its agents caused the substance to be on the floor, liability will lie, as a foreign substance on the floor is usually not consistent with the standard of ordinary care. Where the foreign substance is the result of the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it.

Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322–23 (Nev. 1993) (internal citations omitted).

1    The Supreme Court of Nevada has recognized a modified theory of traditional premises
2  liability, called "mode of operations," in self-service retail establishments, such as grocery stores.
3  FGA, Inc. v. Giglio, 278 P.3d 490, 496 (Nev. 2012) (citing Sheehan v. Roche Bros. Supermarkets,
4  863 N.E.2d 1276, 1283 (Mass. 2007)). A "mode of operations" analysis requires finding a continuing
5  problem, persistent enough to evade periodic evaluation and mitigation, and therefore requiring
6  proactive mitigation. Sprague, 849 P.2d at 323. Specifically, when (1) an owner allows customers to
7  self-serve in a way that creates foreseeable hazards, and (2) does not take all reasonable precautions
8  necessary to protect invitees, the owner is liable for the consequences of those foreseeable, dangerous
9  conditions. FGA, 278 P.3d at 496 (citing Sheehan, 863 N.E.2d at 1283). Knowledge of such
10  pervasive problems, if not mitigated, establishes constructive notice of those foreseeable hazards. See
11  Id.

12    A. When there is no notice there is no duty

13    Wal-Mart had a duty to "keep the premises in a reasonably safe condition for use." Asmussen
14  v. New Golden Hotel Co., 392 P.2d 49, 49 (Nev. 1964). When a hazard is the fault of the defendant,
15  or his agents, notice is imputed and liability attached. Wagon Wheel v. Mavrogan, 369 P.2d 688
16  (Nev. 1962). "On the other hand, if the presence of the foreign substance was due to the acts of
17  persons other than agents or employees of the defendant, liability may be found only on proof that
18  the defendant had either actual or constructive notice thereof." Eldorado Club, Inc. v. Graff, 377 P.2d
19  174, 175 (Nev. 1962).

20    Plaintiff has not adduced admissible evidence that Wal-Mart either caused the spill, or had
21  actual notice of it. Therefore, the contention revolves around what Wal-Mart should have known, and
22  primarily if Wal-Mart had constructive notice. While no pre-determined length of time establishes
23  constructive notice, an unreasonably short time between the creation of a hazard and a consequent
24  injury prevents any expectation that a defendant should have known about the hazard. Reid v. Kohl's
25  Dep't Stores, Inc., 545 F.3d 479, 482-83 (7th Cir. 2008).

26

Although there are no controlling cases with the five-minute time frame at issue in this case, many courts suggest that five minutes is insufficient to establish constructive notice. See, e.g., Reid v. Kohl's Dept. Stores, 545 F.3d 479, 482 (7th Cir. 2008) (10 minutes); Bowman v. Wal-Mart Stores East, LP, 2015 WL 568570, at *6 (E.D. Pa. Feb. 10, 2015) (4 minutes); Robinson v. Kroger Co., 2014 WL 3405874 at *1 (S.D. Ind. July 10, 2014) (10 minutes); Norris v. Wal-Mart Stores, Inc., 2014 WL 496010, at *6 (D.S.C. Feb. 6, 2014) (2 minutes 33 seconds); Wallace v. Target Corp., 2012 WL 6738662 at *2 (S.D. Ohio Dec. 31, 2012) (10 minutes); Massey v. Wal-Mart Stores East, LP, 2010 WL 3786056, at *5 (D.S.C. Sept. 22, 2010) (3 minutes); Pita v. Target Corp., 2009 WL 1507645 at *5 (N.D. Ill. May 29, 2009) (10 minutes); Johnson v. Wal-Mart Stores, Inc., 2007 WL 5195687 at **1-2 (S.D. Miss. Oct. 19, 2007) (10 minutes); Booth v. Wal-Mart Stores, Inc., 75 F. Supp. 2d 541, 542 (S.D. Miss. 1999) (15 minutes); Parker v. McCrory Stores Corp., 101 A.2d 377 (Pa. 1954) (5 minutes). In a similar case, Rios v. Wal-Mart Stores, Inc., 2:11-cv-1592-KJD-GWF, this Court found that two minutes and 12 seconds was insufficient to find constructive notice. Viewing the facts in this case in a light most favorable to non-movant, Plaintiff, the Court finds that Plaintiff has not demonstrated that Defendant was on constructive notice of the spill.

Plaintiff argues that the testimony of the Wal-Mart employee that left the store five minutes prior to the fall, and testified that there was no spill, is a material fact requiring consideration by a jury that prevents the Court from granting summary judgment. To overcome a motion for summary judgment, the nonmoving party must allege facts beyond speculation or conjecture. O.S.C., 792 F.2d at 1467; see also Anheuser-Busch, 69 F.3d at 345.

Mills has alleged that both Wal-Mart employees passing through the area where she slipped may not have noticed the water covering ninety percent (90%) of the floor, and that their recollections should be subject to jury evaluation. There are no factual assertions contradicting the Wal-Mart employee's declaration that five minutes before the fall there was nothing on the floor. "[M]erely asserting that the jury might disbelieve" is insufficient to overcome a motion for summary judgment. Anderson, 477 U.S. at 243. The possibility that an off-duty employee would walk past a

puddle covering most of the aisle and not notice it is too speculative to require a factual inquiry by a jury. Therefore, the Court finds that no material facts prevents the Court from granting summary judgment.

B. Without a foreseeable, ongoing, hazard, "mode of operation" liability does not apply

Mills has asserted that a "mode of operations" analysis should apply. When (1) an owner allows customers to self-serve in a way that creates foreseeable hazards, and (2) does not take all reasonable precautions necessary to protect invitees, the owner is liable for the consequences of those foreseeable, dangerous conditions. FGA, 278 P.3d at 496 (citing Sheehan, 863 N.E.2d at 1283).

A "mode of operations" analysis implies constructive notice when the plaintiff proves that self-service creates common floor hazards that may be present at any time. Sprague, 849 P.2d at 323. For instance, in Sprague, the business was aware of continual hazards caused by customer self-service, and therefore had constructive notice of the hazard. Sprague, 849 P.2d at 323.

> [A] reasonable jury could have found that [the business] knew that produce was frequently on the floor, that this produce created a hazard to shoppers, and that sweeping the floor could not wholly keep the floor free of debris. A reasonable jury could have determined that the virtually continual debris on the produce department floor put [the business] on constructive notice that, at any time, a hazardous condition might exist which would result in an injury to [the business's] customers.

Id.

A self-service-flower display creates a risk of minor drips and spills as flowers are removed from containers of water by customers, a fact of which Wal-Mart was aware. However, Mills has not presented evidence to support her implication that water regularly or foreseeably covered significant portions of the aisle. The plaintiff must prove the hazard was foreseeable. FGA, 278 P.3d at 496. Water covered ninety percent (90%) of the aisle, according to deposition testimony. Such a hazard is exceeds the expected hazard of customers retrieving flowers. Mills has not offered proof of foreseeability, other than citing Wal-Mart's awareness of lesser possible problems and their efforts to mitigate those lesser problems.

6

1  Taking reasonable precautions to mitigate foreseeable hazards protects an owner from "mode

2  of operations" liability. See Sprague, 849 P.2d at 323. In Sprague, the company was negligent for not

3  placing mats in the produce aisle to mitigate slippery floors from spilled food. Id. In contrast, Wal-

4  Mart placed an absorbent mat near the flowers. Courts differ on whether the absence of mats is proof

5  of negligence, generally though, mats are a prudent safety measure. See, e.g., Stambor v. One

6  Hundred Seventy-Second Collins Corp., 465 So. 2d 1296, 1299 (Fla. Dist. Ct. App. 1985) (finding

7  failure to provide a mat constituted negligence); Picman v. Higbee Co., 6 N.E.2d 21, 25 (Ohio Ct.

8  App. 1935). In addition, Wal-Mart provided bags for flowers to minimize drips.

9  Periodic inspections minimize the time to discover hazards and are reasonable precautions.

10  See Mackoff v. Biltmore Garages, Inc., 35 Cal. Rptr. 462, 464 (Ct. App. 1963). In a Ninth Circuit

11  case based on Washington State law, a puddle was on the floor of a prison kitchen an unknown

12  length of time before the plaintiff slipped on it. Howell v. Cty. of Snohomish, 24 F. App'x 785, 787

13  (9th Cir. 2001). The kitchen manager, one of the defendants, checked for spills every fifteen to thirty

14  minutes. Id. The Howell defendants' motion for summary judgment was affirmed. Id. Wal-Mart

15  periodically had employees check and sweep the area of Mills' fall, with an employee checking and

16  sweeping the area twenty-three (23) minutes before her fall. These actions were reasonable steps in

17  response to the minor drips and spills foreseeable at a self-service flower display. Wal-Mart's

18  reasonable precautions for foreseeable hazards prevent Wal-Mart's vicarious liability for the

19  consequences of whatever unknown event caused the large puddle in which Mills slipped. Thus, a

20  "mode of operations" theory of liability does not apply in this case.

21  The puddle on the floor was neither caused by Wal-Mart, nor foreseeable. The puddle was

22  not present long enough that Wal-Mart should have known of the hazard. Without notice of the

23  hazard, either actual or constructive, Wal-Mart did not have a duty. In the absence of duty, there is no

24  negligence as a matter of law.

25  ///

26  ///

7

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#30) is **GRANTED**;

**IT IS FURTHER ORDERED** that all other outstanding motions are **DENIED as moot**;

**IT IF FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 13th day of September 2017.


Kent J. Dawson
United States District Judge